Case 3:03-cv-00786-K   Document 14   Filed 09/26/03   Page 1 of 7

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 6 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE MURPHY ENGLISH, | § | |
| Petitioner, | § | CIVIL ACTION NO. |
| | § | 3:03-CV-0786-K |
| v. | § | |
| | § | |
| SHERIFF JIM BOWLES, | § | |
| Respondent. | § | |

## RESPONDENT'S ANSWER AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Respondent, Jim Bowles, Sheriff of Dallas County, Texas ("the Respondent"), pursuant to the order of the United States Magistrate Judge dated August 27, 2003 and files his answer under 28 U.S.C. § 2248 in the above-entitled and numbered suit. In support thereof, the Respondent would show the Court as follows:

### I.

### JURISDICTION

The Respondent denies that the Court has jurisdiction over the subject matter or the parties pursuant to 28 U.S.C. § 2254 in this suit.

### II.

### DENIAL

The Respondent denies each and every allegation made by the Petitioner, Wayne Murphy English, ("English") except those supported by the record and those specifically admitted herein.

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT - Page 1**

### III.

### STATEMENT OF THE CASE

On March 17, 2003, the 330th Judicial District Court of Dallas County, Texas held English in criminal and civil contempt for failing to pay temporary and past due spousal support. (See Respondent's Exhibit No. 1; Certified copy of the "Order Holding Respondent [Petitioner herein] in Contempt and for Commitment to County Jail".) The Court ordered English to pay a fine of $250 for each separate violation and ordered him confined in the Dallas County Jail "for a period of thirty (30) days for each separate violation" to run concurrently (criminal contempt). The Court further found English to be in civil contempt and ordered him confined in jail until he complies with the court's orders to pay (1) the arrearage of $1,196; (2) $73 as costs of the proceeding; and (3) $930 in attorneys fees.[1] In support of its order the court found that English was able to pay the arrearage as ordered, but refused to do so.

On March 21, 2003, English filed a petition for habeas corpus relief in the Fifth District Court of Appeals at Dallas, Texas. In Re Wayne Murphy English, No. 05-03-00433-CV. The petition was dismissed on April 10, 2003 for want of prosecution. Prior to the dismissal of English's petition by the Fifth District Court of Appeals, English filed a petition for habeas corpus relief with the Texas Supreme Court. In Re Wayne Murphy English, No. 03-0313. That petition was denied on April 14, 2003 without opinion.[2] English filed the instant petition for habeas corpus relief in this Court on April 16, 2003.

---

[1] The contempt and commitment order finds the petitioner to be in contempt of the order to pay interim attorneys fees (Violation 2), however, the order to "pay $10,584.00" was deleted by the court. See Respondent's Exhibit No. 1. The appeal of the interim attorneys fees was dismissed on April 23, 2003.

[2] See Respondent's Supplemental Record submitted July 30, 2003.

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT** - Page 2

IV.

## PETITIONER'S ALLEGATIONS

English challenges his incarceration on the ground that it amounts to an indefinite confinement for a debt without due process protection.[3]

V.

## EXHAUSTION OF STATE REMEDIES

For the reasons more particularly set out in Respondent's Answer and Motion to Dismiss with Brief in Support filed on July 15, 2003 and Respondent's Objections to Findings, Conclusions and Recommendation of the United States Magistrate Judge filed on August 21, 2003, which are incorporated herein by this reference as if fully set out herein, Respondent asserts that English has failed to sufficiently exhaust his state court remedies.

VI.

## RESPONDENT'S ANSWER

A.   **Standard of Review**

A petitioner seeking federal habeas corpus relief for any claim adjudicated on the merits in state court proceedings shall not be granted habeas relief unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] See Findings, Conclusions and Recommendation of the United States Magistrate Judge (hereinafter "Findings"), dated August 14, 2003, page 3.

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT** - Page 3

28 U.S.C. 2254(d)(2000)(as amended).

That statute provides further:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

**B.      Contempt Order Not "Contrary To" Federal Law**

A decision rendered by a state court may be "contrary to" federal law in two ways: (1) if the State court arrives at a conclusion contrary to the Supreme Court on a question of law; and (2) if the State court "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite conclusion. Williams v. Taylor, 120 S.Ct. 1495, 1519 (2000).

Texas courts have long imposed an obligation upon spouses to support one another and parents to support their children. See TEX. FAM. CODE § 4.02; and Ex parte Hall, 854 S.W.2d 656, 658 (Tex.1993), citing Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, 954-56 (Tex. 1936); Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 49-50 (Tex. 1931); Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 395-96 (Tex. 1908). The obligation is not considered a "debt" within the meaning of Article I, Section 18[4], but rather a legal duty arising out of the parties' status. Id. A party who is obligated to pay temporary spousal support may be held in

---

[4] TEX. CONST. art. I, 18 ("No person shall ever be imprisoned for debt.")

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT - Page 4**

contempt for disobedience of a court order directing such support. TEX. CONST. art. I § 18; TEX. FAM. CODE § 3.58(f).

Federal courts have recognized this obligation as well. See Hicks v. Feiock, 485 U.S. 624 (1988); and Chunn v. Chunn, 106 F.3d 1239, 1242 (5th Cir. 1997)(affirming bankruptcy court's order to lift stay for the purpose of permitting the divorce court to enforce its orders directing appellant to pay spousal support.)

Article I of the Texas Constitution and the Texas Family Code are consistent with federal law. English asserts that his failure to pay the past due spousal support as ordered constitutes indefinite confinement for a debt. To the contrary, the courts have held that the obligation to provide support for spouses and children is not a debt. See Ex parte Hall, 854 S.W. 2d at 658; Ex parte Kimsey, 915 S.W.2d 523 (1995).

C.   **State Court's Application of Law Was Reasonable**

In determining whether a state court decision involves an "unreasonable application" of Supreme Court law, a federal court's "inquiry should ask whether the State court's application of clearly established federal law was objectively unreasonable." Williams, 120 S.Ct. at 1521. Under this clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather the application must also be unreasonable. Id. at 1582.

In Hicks, the U.S. Supreme Court set out three factors which establish a prima facie case for contempt:

(1)   existence of a valid court order;

(2)   knowledge of the order; and

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT** - Page 5

   (3) failure to comply with the order.

Hicks v. Feiock, 485 U.S. at 627.

  On November 1, 2002 the state court signed temporary orders that English pay temporary spousal support in the amount of $500 for a total of four payments. English had knowledge of the order to pay spousal support. On or about February 17, 2003, the Court rendered its "Order of Enforcement by Contempt" finding English in contempt and ordered him to pay the arrearage of $696.00. Thereafter, on or about March 17, 2003, the Court held English in contempt of its previous orders and committed him to the Dallas County Jail. The Court determined, based upon evidence presented, that English had the ability to pay but contumaciously refused to do so. [5]

  The state court's determination of the facts and finding of contempt was reasonable in light of the evidence presented to it. Accordingly, the state court's determination is presumed to be correct. See 28 U.S.C. § 2254(e)

  Based upon these facts, the Respondent asserts that English's obligation to pay temporary spousal support is not a debt and his incarceration for contempt on that ground that did not constitute confinement for a debt without due process protection. Accordingly, English's petition for writ of habeas corpus should be dismissed with prejudice.

## VII.

## CONCLUSION

  WHEREFORE, PREMISES CONSIDERED, the Respondent respectfully requests that English's petition for federal habeas corpus relief be dismissed with prejudice.

---

[5] *See* Respondent's Supplemental Record, certified copy of the Petitioner's Amended Habeas Corpus Oral Arguments Are Requested. *See also*, Respondent's Exhibit No. 1, certified copy of Order Holding Respondent in Contempt and For Commitment to Jail; and Respondent's Exhibit No. 2, certified copy of the docket sheet for the 330th Judicial District Court.

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT** - Page 6

Respectfully submitted,

BILL HILL
DISTRICT ATTORNEY

*[signature]*

LORRAINE A. GODBOLT
Assistant District Attorney
Texas Bar No. 08050100
Federal Section
Frank Crowley Courts Building
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3603
(214) 653-2899 (Telecopier)

ATTORNEYS FOR THE RESPONDENT

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that a true and correct copy of the Respondent's Answer with Brief in Support was mailed in accordance with Fed.R.Civ.P. 5 on this 26th day of September, 2003 to the following:

Wayne Murphy English
#03020154
Dallas County Jail
500 Commerce Street
Dallas, Texas 75202

Wayne Murphy English
2725 Stoneridge
Garland, Texas 75044

*[signature]*

LORRAINE A. GODBOLT

**RESPONDENT'S ANSWER AND BRIEF IN SUPPORT** - Page 7